Page 1 of 8

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**RAKESH K. PATEL,**

**Plaintiff,**

**vs.** **Case No. 4:26cv183-TKW-MAF**

**FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY RICHARD COMERFORD, and WARDEN GARY HEWETT,**

**Defendants.**
**_____________________________/**

## REPORT AND RECOMMENDATION

This is a prisoner civil rights action initiated on April 17, 2026, which raises four claims. ECF No. 2. The first claim is for an alleged violation of the Religious Land Use and Institutionalized Persons Act [hereinafter "RLUIPA"], 42 U.S.C. § 2000cc, *et seq*., the second claim is for a violation of the First Amendment's Free Exercise Clause, the third claim is for a violation of the First Amendment's Establishment Clause, the Fourth Claim is an equal protection claim brought pursuant to the Fourteenth Amendment. *Id.* at 11-14.

Plaintiff is a "dedicated follower of the Krishna consciousness religion for over 20 years." ECF No. 2 at 1. While incarcerated, Plaintiff was denied certain religious literature - the *Bhagavad-gita As It Is*. *Id.* at 1-2. Plaintiff's amended complaint sought declaratory and injunctive relief pertaining to the Department of Correction's confiscation of the book which had been sent to him in March 2023. *Id.* at 2, 7, and 15.

Service was directed and Defendants[1] filed a motion to dismiss Plaintiff's amended complaint, ECF No. 22, on August 11, 2026. In short, Defendants point out that at the time of case initiation, Plaintiff was a prisoner in the custody of the Florida Department of Corrections, but Plaintiff was released from prison on August 11, 2026. ECF No. 22 at 2. Thus, Defendants argue that the amended complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff's claims are moot due to his release from prison. *Id.* at 2-3.

Plaintiff was directed to respond to that motion by August 26, 2026, or alternatively, to file a notice of voluntary dismissal pursuant to Rule 41 if

---

[1] The amended complaint named former Secretary Ricky Dixon as Defendant. However, Richard Comerford was appointed Secretary of the Florida Department of Corrections in July 2026, and was automatically substituted as a Defendant pursuant to Rule 25(d). *See* ECF No. 22 at 1; ECF No. 23.

it was conceded that this case was moot. ECF No. 23. Plaintiff did not file opposition to the motion. Instead, on the deadline provided, Plaintiff submitted a "second amended complaint for declaratory and injunctive relief." ECF No. 24. Two points must be highlighted about Plaintiff's actions.

First, Rule 15 of the Federal Rules of Civil Procedure permits a plaintiff to amend his pleading "once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In this case, Plaintiff filed an amended complaint, ECF No. 1, immediately after initiating this case. *See* ECF No. 1. Plaintiff already had the benefit of amending the complaint "once as a matter of course."

Second, the proposed second amended complaint was filed on August 26, 2026, within 21 days after service of the Defendants' Rule 12(b)(1) motion to dismiss, ECF No. 22. However, Plaintiff has attempted to drastically and materially change the nature of this proceeding with the submission of the second amended complaint. Plaintiff has retained the

claims of Plaintiff Patel while simultaneously alleging that Plaintiff Rakesh Patel "was released from" prison on August 11, 2026. ECF No. 24 at 5. The proposed second amended complaint now presents the related claims of another inmate - Manuel Peralta-Morales. *Id.* at 1, 5, and 11. Because Plaintiff already filed an amended complaint, Plaintiff was required to request leave to amend before submitting another amended pleading. Fed. R. Civ. P. 15(a)(2).[2] Plaintiff did not do so and the second amended complaint is a legal nullity because it was not authorized.

Moreover, this case concerns the claims of one Plaintiff - Rakesh K. Patel. This case cannot be changed mid-course to proceed with the claims of another prisoner. If counsel desires to file a complaint concerning the conditions of confinement for prisoner Manuel Peralta-Morales, a new case should be opened. However, Plaintiff cannot seek to piggy-back the separate claims of another person into a case which was filed by Plaintiff Patel. Adding an additional person as Plaintiff in a civil case is permitted under the "permissive joinder" provision of Rule 20. Permissive is the key word, and counsel did not request permission to add another Plaintiff. No

[2] That Rule provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

further action will be taken on the unauthorized second amended complaint, ECF No. 24.

In light thereof, Defendants' motion, ECF No. 25, requesting an extension of time in which to respond to the second amended complaint is denied. As the pleading, ECF No. 24, was unauthorized, Defendants need not file a response.

**Motion to Dismiss**

As noted above, Defendants move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendants argue that because Plaintiff was released from prison, this case is moot and there is no longer a case or controversy between the Plaintiff and Defendants. *Id.* at 2-5. In general, a plaintiff's factual allegations must be accepted as true for purposes of ruling on a motion to dismiss. Fed. Bureau of Investigation v. Fikre, 601 U.S. 234, 242, 144 S. Ct. 771, 777, 218 L. Ed. 2d 162 (2024); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). However, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1), the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.' "

Turcios v. Delicias Hispanas Corp., 275 F. App'x 879, 880 (11th Cir. 2008) (citing Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003)).

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.' " Already, LLC v. Nike, Inc., 568 U.S. 85, 90, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013). The Supreme Court has "repeatedly held that an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." Already, 568 U.S. at 90–91, 133 S.Ct. 721 (quoting Alvarez v. Smith, 558 U.S. 87, 92, 130 S.Ct. 576, 175 L.Ed.2d 447 (2009) (internal quotation marks omitted)). "If a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." Seay Outdoor Adver., Inc. v. City of Mary Esther, Fla., 397 F.3d 943, 946 (11th Cir. 2005) (citations omitted).

In this case, Plaintiff has been released from prison. ECF No. 22 at 5. It has been well established for over 40 years that "a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." McKinnon v. Talladega Cnty., Ala., 745 F.2d 1360, 1363 (11th Cir. 1984); *see also* Lozano v. Collier Cnty., No. 25-14037, 2026 WL 1662165, at *2 (11th Cir. June 9, 2026) ("since Lozano is no longer in

custody at Collier County, his claims for injunctive relief are moot"); Robbins v. Robertson, 782 F. App'x 794, 799 (11th Cir. 2019) (explaining that "precedent forecloses Plaintiff's argument that his claim for injunctive relief is not moot"); Rau v. Moats, 772 F. App'x 814, 817 (11th Cir. 2019) (dismissing First Amendment claim brought by a parent as moot because her son was released from jail). This Court is bound by the Eleventh Circuit's holding that "a prisoner's claims for injunctive and declaratory relief are mooted by his transfer from the facility where the cause of action arose, even when there is no guarantee that he will not be returned to his original facility." Sims v. Sec'y, Fla. Dep't of Corr., No. 21-13222, 2023 WL 193761, at *1 (11th Cir. Jan. 17, 2023) (citing McKinnon, 745 F.2d at 1363). "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." Sims, 2023 WL 193761, at *1 (quoting Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (quoting Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984))). In this case, by failing to respond to the motion to dismiss, Plaintiff has failed to articulate any reason for the Court to conclude that this case i not moot. There is no indication that Plaintiff will be returned to prison and,

thus, Plaintiff's claims are moot. Defendants' motion to dismiss, ECF No. 22, should be granted because he is no longer incarcerated.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 24, be rejected as an unauthorized pleading, and the amended complaint, ECF No. 2, be **DISMISSED** for lack of subject matter jurisdiction because this case is moot.

**IN CHAMBERS** at Tallahassee, Florida, on September 10, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**