**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**RAKESH K. PATEL**,

**Plaintiff,**

**v.** **Case No. 4:26-cv-183-TKW-MAF**

**FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY RICHARD COMERFORD** and **WARDEN GARY HEWETT**,

**Defendants**.
_________________________________/

**ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 27) and Plaintiff's "response" to the R&R (Docs. 28, 29).[1] The Court will treat the response as Plaintiff's objections to the R&R under Fed. R. Civ. P. 72(b)(2).

Upon de novo review of the issues raised in the objections, the Court agrees with the magistrate judge's determination that Plaintiff's claims for declaratory and injunctive relief regarding the conditions of his confinement are moot because he is

[1] Plaintiff filed two seemingly identical copies of the response.

no longer in custody.[2] *See Lewis v. Sheriff, Fulton Cnty., Ga.*, 166 F.4th 107, 115 (11th Cir. 2026) (quoting *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007)); *McKinnon v. Talladega Cnty, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984).

The Court also agrees with the magistrate judge's determination that Plaintiff cannot save this case from dismissal by filing a new complaint that names a different plaintiff. Thus, irrespective of whether the second amended complaint should have been treated as Plaintiff's once-as-a-matter-of-course amendment under Fed. R. Civ. P. 15(a)(1)(B), the magistrate judge correctly determined that a new action needs to be filed if the new plaintiff wants to challenge the conditions of his confinement.

Accordingly, it is ORDERED that:

1. The R&R is adopted and incorporated by reference into this Order.

2. Defendants' motion to dismiss the amended complaint (Doc. 22) is GRANTED, and the claims asserted therein are DISMISSED as moot.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

---

[2] The Court did not overlook Plaintiff's assertion that his release does not moot his claims because he can recover nominal damages against defendants in their individual capacities for their violations of his rights while he was in custody. That argent is not persuasive because (1) Plaintiff only sued the defendants in their official capacities and (2) he did not request nominal damages in any of the complaints that he filed—original, amended, or second amended. Thus, even if the second amended complaint was properly filed as to Plaintiff, it would not save his claims from dismissal.

**DONE and ORDERED** this 28th day of September, 2026.

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**